# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CLINNON WHITE IV,<br><br>　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. and<br>UNIVERSAL PROTECTION SERVICES,<br>LLC d/b/a ALLIED UNIVERSAL<br>SECURITY SERVICES, LLC,<br><br>　　　Defendants. | Case No.: _____<br><br><br><br>**DEFENDANT HOME DEPOT U.S.A.,<br>INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot U.S.A., Inc. ("Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this notice of removal, and in support states as follows:

Plaintiff Clinnon White IV commenced a civil action captioned *Clinnon White IV, Plaintiff, v. Home Depot U.S.A., Inc. and Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC, Defendants,* Case No. 2316-CV02211 (the "State Court Action"), in the Circuit Court of Jackson County, Missouri on January 18, 2023. Plaintiff's effected service of process on Home Depot through its registered agent by Certified Mail on February 6, 2023. A copy of Plaintiff's Petition for Damages, Affidavit for Service on Home Depot by Certified / Registered Mail, Certificate of Mailing by Certified Mail to Universal Protection Services, LLC, Certificate of Mailing by Certified Mail to Home Depot, Notice of Case Management Conference, and Return of Service on Home Depot are attached to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Petition for Damages, Plaintiff, an African American male, claims that he suffered racial discrimination by the Defendants on or about

1

January 22, 2021, at the Home Depot retail store located at 111 E. Linwood Blvd, Kansas City, Missouri.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) for the reasons set forth below:

a. **Complete diversity exists**.

The following statements were true on <u>both</u> the date that Plaintiff filed his Petition (January 18, 2023) and the date that Home Depot filed its notice of removal (March 7, 2023):

    i. Plaintiff Clinnon White IV was a citizen of the State of Missouri (Plaintiff's Petition for Damages, Paragraph 2).

    ii. Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business is in the State of Georgia.

    iii. Defendant Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC is a limited liability company formed in the State of Delaware with its principal place of business in the State of California. "Allied Universal Security Services, LLC" is not a legal entity but rather a fictious name. Further, the members of Universal Protection Services, LLC are as follows:

        1. Universal Protection Services, LP, which is comprised of the following partners:

            a. Allied Universal Sideco, Inc. (State of Delaware);

            b. American Security Programs, Inc. (State of Virginia);

2

c. U.S. Security Associates Holding Corp. (State of Delaware);

d. G4S Security Solutions, Inc. (State of Florida);

e. Universal Protection GP, Inc. (State of Delaware);

f. Universal Services of America, LP (State of California), which is comprised of the following partners:

    i. USA Intermediate, Inc. (State of Delaware);

    ii. USA GP Sub LLC, wholly owned by USA Intermediate, Inc. (State of Delaware).

b. **The amount in controversy exceeds $75,000.00**.

Based on the content of Plaintiff's Petition, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00). In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to

3

recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8ᵗʰ Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity"). Plaintiff claims that, as a result of Defendants' actions, he suffered humiliation, damage to his self-esteem, emotional distress, mental anguish, and related compensable damage. Further, he seeks, "actual, nominal, and punitive [damages]" along with reasonable attorneys' fees and litigation costs. Finally, Plaintiff has made a pre-suit settlement demand related to his claims of over three times the requisite amount in controversy. As a result of the foregoing, the amount in controversy is easily established in this case.

### c. Defendant Universal Protection Services, LLC consents to removal.

In accordance with 28. U.S.C. § 1446, Defendant Universal Protection Services, LLC consents to removal as exhibited by the attached executed Consent to Removal form.

WHEREFORE, Defendant, Home Depot U.S.A., Inc.. hereby removes the State Court Action pending as Case No. 2316-CV02211 in the Jackson County Circuit Court, State of Missouri, to this Honorable Court.

4

**MORROW WILLNAUER CHURCH LLC**

By _____
James C. Morrow, #32658
Hillary Hyde, #67430
8330 Ward Parkway, Suite 300
Kansas City, Missouri 64114
Phone: (816) 832-1382
Fax: (816) 382-1383
E-mail: jmorrow@mwcattorneys.com
           hhyde@mwcattorneys.com


**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston (*pro hac vice* forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa 50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-mail: bweston@lwclawyers.com

*ATTORNEYS FOR DEFENDANT HOME DEPOT USA, INC.*

5

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the U.S. District Court for the Western District of Missouri, using the ECF system which will send notification of such filing to the following:

Matthew E. Osman
OSMAN & SMAY LLC
7111 W. 151st Street, #316
Overland Park, KS 66223
E-mail: mosman@workerwagerights.com
**ATTORNEYS FOR PLAINTIFF**

I certify under penalty of perjury that the foregoing is true and correct. Executed March 7, 2023.

6

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI,
## AT KANSAS CITY

**CLINNON WHITE IV,**

    <u>Address:</u>
    7439 Highland Ave.
    Kansas City, MO 64131

        Plaintiff,

    v.

**HOME DEPOT U.S.A., INC.**

    <u>Serve at:</u>
    c/o CSC Lawyers Incorporating
    Service Company
    221 Bolivar Street
    Jefferson City, MO 65101

and

**UNIVERSAL PROTECTION
SERVICES, LLC d/b/a ALLIED
UNIVERSAL SECURITY
SERVICES, LLC**

    <u>Serve at:</u>
    c/o CSC Lawyers Incorporating
    Service Company
    221 Bolivar Street
    Jefferson City, MO 65101

        Defendants.

**<u>JURY TRIAL DEMANDED</u>**

Civ. No.: _____

## <u>PETITION FOR DAMAGES</u>

COME NOW Plaintiff, Clinnon White, ("Plaintiff") by and through his attorneys, for his cause of action against Defendants Home Depot U.S.A., Inc. ("Home Depot") and Universal Protection Services, LLC *d/b/a* Allied Universal Security Services, LLC ("Universal") and states as follows:

1

1. This lawsuit alleges a single count against Defendants Home Depot and Universal for Racial Discrimination in violation of the Missouri Human Rights Act ("MHRA").

## Parties

2. Plaintiff, Clinnon White IV, is an African-American resident of Kansas City, Missouri.

3. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a corporation authorized to do business in the State of Missouri. Home Depot owned and operated a retail location at 111 E. Linwood Blvd., Kansas City, MO 64111 ("Store") which qualifies as a "place of public accommodation" because it is as "business offering or holding out to the general public, goods [or] services . . ." R.S. Mo. § 213.010(16).

4. Defendant Universal Protection Service, LLC, d/b/a Allied Universal Security Services, LLC ("Universal") is a corporation authorized to do business in the State of Missouri. On information and belief, Home Depot and Universal jointly employed the security personnel at the Store.

5. Defendants Home Depot's and Universal's employees, supervisors, and agents, at all times, acted on Defendants' behalf, as Defendants' agent, with actual or apparent authority, and/or Defendants approved, condoned, or ratified their conduct.

## Jurisdiction, Venue, and Joinder

6. This Court has original subject matter jurisdiction over this controversy under Mo. Const. Art. V § 14 because it is a civil matter.

7. This Court has personal jurisdiction over Defendants Home Depot and Universal because they have substantial and continuous contacts with the State of Missouri. The Court also has personal jurisdiction under R.S. Mo. § 506.500 because Plaintiff's cause of action arises from "the transaction of business within this State".

2

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM

8.      Under R.S. Mo. § 508.010.4 venue is proper in this Court because Plaintiff alleges the commission of tortious acts whereby the Plaintiff was discriminated in the state of Missouri, and Jackson County was the county where the Plaintiff was discriminated by the wrongful acts of Defendants.

## Administrative Procedure Under the MHRA Claims

9.      On March 18, 2021, Plaintiff timely filed a Charge of Discrimination, Charge No. P-3/21-04900 ("First Charge of Discrimination") with the Missouri Commission on Human Rights ("MCHR") against Defendant Home Depot on the basis of race discrimination. *See* March 18, 2021 Charge of Discrimination, attached as Exhibit 1.

10.     On April 22, 2021, Plaintiff timely filed an Amended Charge of Discrimination ("Amended Charge of Discrimination") that added a complaint of discrimination against Defendant Universal. *See* April 22, 2021, Amended Charge of Discrimination, attached as Exhibit 2.

11.     On or about January 10, 2023, the MCHR issued Plaintiff his Notice of Right to Sue on his First and Amended Charges of Discrimination ("Notice of Right to Sue"). *See* Notice of Right to Sue, attached as Exhibit 3. This lawsuit was filed within 90 days of Plaintiff's receipt of the MCHR's Notice of Right to Sue and within the deadlines associated with such claim under the MHRA, which entitles Plaintiff to commence an action regarding his claims.

12.     The aforementioned Charges of Discrimination filed with the MCHR establish that the MCHR had sufficient opportunity to investigate the full scope of the controversy between the parties. Accordingly, the scope of this Petition may be, and is, as broad as the scope of the MCHR's investigation that could have been reasonably been expected to grow out of the Charges of Discrimination.

13.     Accordingly, Plaintiff has satisfied all private, administrative, and judicial prerequisites to the commencement of this action.

3

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM

## General Allegations Common to All Counts

14. On Friday, January 22, 2021, Plaintiff, who works with his father, Clinnon White III, arrived at the Home Depot located at 111 E. Linwood Blvd., Kansas City, MO 64111 Store at approximately 10:00 a.m. to pick up a toilet. Plaintiff goes to the Store on a weekly basis and he and his father spend hundreds of thousands of dollars at the Store each year.

15. The toilet had been preordered and paid for, so Plaintiff went directly to the Pro Services Desk. The woman at the Pro Services Desk informed Plaintiff that they had not yet pulled the toilet up to the front. She printed off his receipt, confirmed that the product had already been paid for, and told Plaintiff that he could just grab a cart and run back to grab the toilet himself if he was in a hurry. Plaintiff took the receipt and thanked the woman before heading back to get the toilet.

16. Plaintiff found the toilet that he had purchased, confirmed that he had the correct toilet based on the SKU number on his receipt, and headed toward the front of the Store to leave. As he was headed out of the Store, Plaintiff looked at the woman at the Pro Services Desk and made eye contact with her. The woman waved him through, and Plaintiff left the Store.

17. As soon as Plaintiff got to the parking lot, two plain-clothes security officers jointly employed by Home Depot and Universal, accompanied by a Kansas City Missouri Police Officer, began yelling at Plaintiff, accusing him of stealing. Plaintiff was confused and responded that he was not stealing, and he tried to hand the receipt to the plain-clothes security officer who was accusing him of theft. The security officer refused to take the receipt, saying, "we are going to prosecute you; it doesn't matter that you have a receipt."

18. Plaintiff asked the security officers that they send one of them into the store to speak to the Pro Services Desk employee who printed off his receipt and directed him to get the toilet himself. The security officers said, "we don't have to do anything; we are going to prosecute you for stealing." Plaintiff again reiterated that he was not stealing, and the security officer apparently thought

4

Plaintiff was going to walk away when suddenly the security officer grabbed Plaintiff and pushed him toward the door of the store.

19. The security officer who had just grabbed Plaintiff now asked the Kansas City Missouri Police Officer to place handcuffs on Plaintiff and handcuffs were immediately applied. Then the other security officer demanded that Plaintiff follow them to the back of the store. As they are walking to the back of the store, Plaintiff continued to plead with the security officers to simply speak to the woman at the Pro Services Desk, who would explain everything. The security officer continued to repeat, "it doesn't matter; we are going to prosecute you. You were stealing." Plaintiff was marched through the store in handcuffs and in front of several customers and employees to the back of the store.

20. Plaintiff was then placed in a small room in the back of the store. The security officer then demanded that Plaintiff give him his driver's license. Plaintiff, who was still in handcuffs, informed him that his license was in his pocket. Plaintiff's wallet was removed from his pocket and the security officer took his driver's license and left the room.

21. After several minutes, the security officer returned to the room and informed him that his manager has asked that Plaintiff be released. Plaintiff was taken out of handcuffs, his property was returned to him, and he was told to leave the store. Plaintiff complained to the security officer that he had just been publicly embarrassed and harassed and the security officer just kept repeating, "it doesn't matter; just get out of here."

22. Only once the store manager realized who Plaintiff was and that he was such a good customer was he, a young African-American male, allowed to leave freely. Even then he was dismissed as if he was a criminal who was being released on a technicality.

23. Following the incident, Plaintiff's father contacted the store manager who profusely apologized and asked that Plaintiff come in to receive an apology from the manager. Plaintiff's fiancé,

5

troubled by what her future husband had been forced to endure, contacted Home Depot on his behalf only to be yelled at and hung up on by a Home Depot employee once she asserted that her fiancé had been racially profiled.

### Count I - Missouri Human Rights Act-Unlawful Racial Discrimination

24.     The above paragraphs are incorporated and re-alleged as though fully set forth herein.

25.     Missouri Revised Statute § 213.065(1) provides that all persons "shall be entitled to the full and equal use and enjoyment . . . of any place of public accommodation . . . without discrimination or segregation because of race [or] color."

26.     Missouri Revised Statute § 213.065(2) provides that "[i]t is an unlawful discriminatory practice for any person . . . withhold or deny . . . or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation . . . because of race [or] color."

27.     Plaintiff, as an African-America, is a member of a class of persons protected by the MHRA.

28.     The Store owned and/or operated by Defendant Home Depot is a place of "public accommodation" because it was a "business offering or holding out to the general public, goods [or] services . . ." R.S. Mo. § 213.010(16). Defendants constitute a "person" within the definitions set forth in the Missouri Revised Statutes. *See* R.S. Mo. § 213.010(15).

29.     Defendants discriminated against Plaintiff based on his race when they accused him of theft, handcuffed him, publicly shamed him by marching him through the store, and by detaining him inside the store, and then telling him to "get out of here."

30.     Defendants knew or should have known of the disparate treatment and failed to take appropriate action to prevent such discrimination.

31.     As a direct and proximate result of Defendants' actions and/or inaction, Plaintiff was

6

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM

deprived of "full and equal use and enjoyment" of the Store "without discrimination or segregation because of race [or] color."

32. As a direct and proximate result of Defendants' actions and/or inaction, Plaintiff has suffered humiliation, damage to his self-esteem, emotional distress, mental anguish, and related compensable damage.

33. Defendants failed to make good faith efforts to establish and to enforce policies that would prevent unlawful discrimination against its customers, including discrimination on the basis of race.

34. Defendants failed to properly train and/or otherwise inform its supervisors, employees, contractors, and/or agents of their duties and obligations under applicable civil rights laws, including the MHRA.

35. Through Defendants' failure to take prompt and effective remedial action, in effect, Defendants condoned, ratified, and/or authorized the discrimination against Plaintiff.

36. Defendants' conduct was willful, wanton, malicious, and showed a complete indifference to or conscious disregard for the rights of others, including Plaintiff's rights. Thus, an award of punitive damages is warranted in an amount that is sufficient to punish or to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants Home Depot and Universal for such damages, actual, nominal, and punitive as are fair and reasonable; for his reasonable attorneys' fees and costs incurred herein; for interest as allowed by law, both pre-judgment and post-judgment; and for such other legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in the Circuit Court of Jackson County, Missouri at Kansas

City on all counts of his Petition triable to a jury.

Dated: January 18, 2023

Respectfully submitted,

s/Matthew E. Osman
Matthew E. Osman, MO Bar #60137
OSMAN & SMAY L.L.C.
7111 W. 151st St., #316
Overland Park, KS 66223
mosman@workerwagerights.com
**ATTORNEY FOR PLAINTIFF**

8

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:23 PM



JACKSON COUNTY CIRCUIT COURT
CIVIL RECORDS 3RD FL
415 E 12TH ST
KANSAS CITY, MO 64106-2706

**9214 8901 0661 5400 0182 9195 30**

**RETURN RECEIPT (ELECTRONIC)**

**2316-CV02211**

CSC-LAWYERS INCORPORATED SERVICE COMPANY
UNITED PROTECTION SERVICES,LLC
221 BOLIVAR STREET
**JEFFERSON CITY, MO  65101**

**RETURN SERVICE
REQUESTED**

CUT / FOLD HERE

Zone 2

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

JMpbCertifiedexeLabel v2016.09.29.91

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:31 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT KANSAS CITY

**CLINNON WHITE IV,**

Plaintiff,

v.

**HOME DEPOT U.S.A., INC.**

and

**UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, LLC**

Defendants.

**Civ. No.:**

### AFFIDAVIT FOR SERVICE BY CERTIFIED / REGISTERED MAIL

Comes now Matthew E. Osman, attorney for Plaintiff, Clinnon White IV, and after being duly sworn upon his oath, deposes and states that pursuant to Missouri Supreme Court Rule 54.12, the Defendants should be served by certified mail because:

1. Service by certified mail is appropriate in this matter since each Defendant is a corporate entity, with a Registered Agent on file with the Missouri Secretary of State. Service via certified mail to the Registered Agent ensures delivery to the appropriate parties within the corporation, and within an appropriate expeditious manner.

2. The names and addresses for service by mail to Defendant's Registered Agents are:

> Home Depot U.S.A., Inc
> c/o CSC Lawyers Incorporating Service Company
> 221 Bolivar St.
> Jefferson City, MO 65101
>
> Universal Protection Services, LLC d/b/a
> Allied Universal Security Services, LLC
> c/o CSC Lawyers Incorporating Service Company
> 221 Bolivar St.
> Jefferson City, MO 65101

3. Plaintiff submitted the appropriate service by mail fees to this Court on January 18, 2023.

1

Electronically Filed - Jackson - Kansas City - January 18, 2023 - 02:31 PM

Dated: January 18, 2023

Respectfully submitted,

*s/ Matthew E. Osman*
Matthew E. Osman, MO # 60137
OSMAN & SMAY LLC
7111 W. 151st St., #316
Overland Park, KS 662223
1-913-667-9243 (Phone)
1-866-470-9243 (Fax)
mosman@workerwagerights.com

**ATTORNEY FOR PLAINTIFF**

2

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**CLINNON WHITE IV,**

                    **PLAINTIFF(S),**                    **CASE NO. 2316-CV02211**

**VS.**                                                   **DIVISION 14**

**HOME DEPOT U.S.A., INC,**

                    **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JOHN M. TORRENCE** on **03-MAY-2023** in **DIVISION 14** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.      A trial setting;

b.      Expert Witness Disclosure Cutoff Date;

c.      A schedule for the orderly preparation of the case for trial;

d.      Any issues which require input or action by the Court;

e.      The status of settlement negotiations.

Case 4:23-cv-00160-BCW    Document 1    Filed 03/07/23    Page 18 of 28

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JOHN M. TORRENCE**
JOHN M. TORRENCE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MATTHEW EDWARD OSMAN, THE PHOENIX BUILDING, 7930 SANTA FE DR SUITE 100, OVERLAND PARK, KS 66204

Defendant(s):
HOME DEPOT U.S.A., INC
UNIVERSAL PROTECTION SERVICES, LLC

Dated: 30-JAN-2023

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2316-CV02211 |
| Plaintiff/Petitioner:<br>CLINNON WHITE IV<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW EDWARD OSMAN<br>THE PHOENIX BUILDING<br>7930 SANTA FE DR SUITE 100<br>OVERLAND PARK, KS 66204 |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** HOME DEPOT U.S.A., INC
  Alias:

**CSC LAWYERS INCORP SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**



COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

30-JAN-2023
Date Issued

_____
Clerk

Further Information:

### Certificate of Mailing

January 30, 2023

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent HOME DEPOT U.S.A., INC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

January 30, 2023

_____
Date

_____
Clerk

Case 4:23-cv-00160-BCW   Document 1   Filed 03/07/23   Page 20 of 28

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2316-CV02211 |
|---|---|
| Plaintiff/Petitioner:<br>CLINNON WHITE IV<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW EDWARD OSMAN<br>THE PHOENIX BUILDING<br>7930 SANTA FE DR SUITE 100<br>OVERLAND PARK, KS 66204 |
| Defendant/Respondent:<br>HOME DEPOT U.S.A., INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** UNIVERSAL PROTECTION SERVICES, LLC
**Alias:**
**DBA:** ALLIED UNIVERSAL SECURITY SERVICES, LLC

**CSC LAWYERS INCORP SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*JACKSON COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

30-JAN-2023
Date Issued

_____
Clerk

Further Information:

## Certificate of Mailing

January 30, 2023

I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to

Defendant/Respondent UNIVERSAL PROTECTION SERVICES, LLC by registered or certified mail, requesting a return

receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

January 30, 2023

_____
Date

_____
Clerk

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division: JOHN M. TORRENCE | Case Number: 2316-CV02211 | |
|---|---|---|
| Petitioner(s): CLINNON WHITE IV | | |
| vs. | | (Date File Stamp) |
| Respondent(s): HOME DEPOT U.S.A., INC | | |

## Certificate of Mailing/Delivery/Delivery of Notice of Appeal/Registered/Certified Return Receipt

☒ The undersigned certified that copy of SUMMONS/PETITION/NOTICE OF HEARING was mailed on this day by U.S. ☐ regular ☒ certified ☐ registered mail, postage prepaid, to the following person(s) at the stated address(es):

HOME DEPOT U.S.A., INC
CSC LAWYERS INCORP SERV CO 221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

☐ The undersigned certifies that a:
   ☐ Copy of Rule 24.035 Motion was delivered to Court Reporter-Division _____
   ☐ Copy of Rule 24.035 or Rule 29.15 Motion to vacate, Set Aside, or Correct Judgment or Sentence
   ☐ Copy of Application for hardship driving Privileges, SR22 Form and Five year Driving Record.
   ☐ Copy of Application for Hearing under Section 577.041 RSMo on Refusal to Submit to Chemical Test
   ☐ Copy for Petition for Review
   ☐ _____

   Filed in the above cause was delivered on this day to the Prosecuting Attorney's Office.

☐ I certify that I personally delivered a copy of the Notice of Appeal filed in the above entitled cause to:
   ☐ Missouri Court of Appeals        ☐ Prosecuting Attorney's Office
      Western District                415 East 12th Street, 7M
      Kansas City, Missouri 64106      Kansas City, Missouri 64106

☐ The undersigned certifies that _____
   was hand delivered to the Missouri Court of Appeals, Western district, on this date.

☐ Attach return receipt with Registered/certified number.

**COURT SEAL OF**

*JACKSON COUNTY*

January 30, 2023
_____
Date

*Jennifer Brookshir*
_____
Clerk

I hereby acknowledge receiving the aforesaid copy of the Notice of Appeal filed in said cause.

_____      By _____
Date                                     ☐ Prosecutor's Office
                                         ☐ Missouri Court of Appeals

*For Court Use Only*: Document ID# 23-CMDN-177

Case 4:23-cv-00160-BCW     Document 1     Filed 03/07/23     Page 24 of 28



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division: JOHN M. TORRENCE | Case Number: 2316-CV02211 |
|---|---|
| Petitioner(s): CLINNON WHITE IV<br><br>vs. | |
| | (Date File Stamp) |
| Respondent(s): HOME DEPOT U.S.A., INC | |

## Certificate of Mailing/Delivery/Delivery of Notice of Appeal/Registered/Certified Return Receipt

☒ The undersigned certified that copy of SUMMONS/PETITION/NOTICE OF HEARING was mailed on this day by U.S. ☐ regular ☒ certified ☐ registered mail, postage prepaid, to the following person(s) at the stated address(es):

UNIVERSAL PROTECTION SERVICES, LLC
CSC LAWYERS INCORP SERV CO 221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

☐ The undersigned certifies that a:
  ☐ Copy of Rule 24.035 Motion was delivered to Court Reporter-Division _____
  ☐ Copy of Rule 24.035 or Rule 29.15 Motion to vacate, Set Aside, or Correct Judgment or Sentence
  ☐ Copy of Application for hardship driving Privileges, SR22 Form and Five year Driving Record.
  ☐ Copy of Application for Hearing under Section 577.041 RSMo on Refusal to Submit to Chemical Test
  ☐ Copy for Petition for Review
  ☐ _____
  Filed in the above cause was delivered on this day to the Prosecuting Attorney's Office.

☐ I certify that I personally delivered a copy of the Notice of Appeal filed in the above entitled cause to:
  ☐ Missouri Court of Appeals      ☐ Prosecuting Attorney's Office
     Western District                   415 East 12th Street, 7M
     Kansas City, Missouri 64106        Kansas City, Missouri 64106

☐ The undersigned certifies that _____
  was hand delivered to the Missouri Court of Appeals, Western district, on this date.

☐ Attach return receipt with Registered/certified number.

**COURT SEAL OF**

**JACKSON COUNTY**

January 30, 2023
Date

_Jennifer Brookshi_
Clerk

I hereby acknowledge receiving the aforesaid copy of the Notice of Appeal filed in said cause.

_____
Date

By _____
☐ Prosecutor's Office
☐ Missouri Court of Appeals

_For Court Use Only_: Document ID# 23-CMDN-178

16th CIRCT 1 (10-98)                          1 of 1

Case 4:23-cv-00160-BCW    Document 1    Filed 03/07/23    Page 25 of 28



**UNITED STATES POSTAL SERVICE**

February 6, 2023

Dear MAIL MAIL:

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 0661 5400 0182 9193 56**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | February 6, 2023, 10:38 am |
| **Location:** | JEFFERSON CITY, MO 65101 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | CSC LAWYERS INCORPORATED SERVICE COMPANY |

## Recipient Signature

Signature of Recipient: _Shenn Slewis_

Address of Recipient: _121 Bolivar St_
_JC MO 65101_

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 921489010661540001829193356
2316-CV02211
CSC-LAWYERS INCORPORATED SERVICE COMPANY
HOME DEPOT U.S.A., INC
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101-0000
JB 23-SMCM-51

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CLINNON WHITE IV,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. and UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, LLC,<br><br>Defendants. | Case No.: _____<br><br><br>**CONSENT TO REMOVAL BY DEFENDANT UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, LLC** |

Pursuant to 28 U.S.C. Sec. 1446(b)(2), Defendant, Universal Protective Services, LLC d/b/a Allied Universal Security Services, LLC, hereby consents to the Notice of Removal filed by Defendant, Home Depot U.S.A., Inc., and to the removal of this case from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Date: 3/6/23

FRANKE SCHULTZ & MULLEN

Jill Frost Smith
8900 Ward Parkway
Kansas City, MO 64114
E-mail: jsmith@fsmlawfirm.com

ATTORNEYS FOR DEFENDANT UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, LLC

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Clinnon White, IV

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Osman, Osman & Smay LLC, 7111 W. 151st St, #316, Overland Park, KS 66223, Ph. (913) 667-9243

## DEFENDANTS
Home Depot U.S.A., Inc.

County of Residence of First Listed Defendant   Fulton County, GA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
James C. Morrow, Morrow Willnauer Church LLC, 8330 Ward Parkway, Suite 300, Kansas City, MO, (816) 832-1382

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question
(U.S. Government Not a Party)

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Racial discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
03/07/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ *James C. Morrow*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____